QINGHE LUO, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney
General, Respondent.

No. 12–73968.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 13, 2014.*

Filed Aug. 20, 2014.

Xiang Li, Alhambra, CA, for Petitioner.

OIL, Matthew Allan Spurlock, DOJ–
U.S. Department of Justice, Washington,
DC, Chief Counsel ICE, Office of the Chief
Counsel Department of Homeland Securi-
ty, San Francisco, CA, for Respondent.

Before: SCHROEDER, THOMAS, and
HURWITZ, Circuit Judges.

MEMORANDUM **

Qinghe Luo, a native and citizen of Chi-
na, petitions for review of the Board of
Immigration Appeals' ("BIA") order dis-
missing his appeal from the immigration
judge's decision denying his application for
asylum, withholding of removal, and relief
under the Convention Against Torture
("CAT"). We have jurisdiction under 8
U.S.C. § 1252. We review for substantial
evidence the agency's adverse credibility
determination. See Chebchoub v. INS, 257
F.3d 1038, 1042 (9th Cir.2001). We deny
the petition for review.

Substantial evidence supports the BIA's
adverse credibility determination based on
Luo's shifting testimony regarding his oc-
cupation in China. See Singh–Kaur v.
INS, 183 F.3d 1147, 1151–52 (9th Cir.
1999); see also Kaur v. Gonzales, 418 F.3d
1061, 1067 (9th Cir.2005) (inconsistencies
and other indications of dishonesty may
deprive a claim of requisite "ring of
truth"). Substantial evidence also sup-
ports the BIA's implausibility finding. See
Don v. Gonzales, 476 F.3d 738, 743 (9th
Cir.2007) (upholding agency's finding that
testimony was implausible in light of back-
ground evidence). Further, the agency
was not compelled to accept Luo's explana-
tions. See Zamanov v. Holder, 649 F.3d
969, 974 (9th Cir.2011). In the absence of
credible testimony, Luo's asylum and with-
holding of removal claims fail. See Farah
v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir.
2003).

Because Luo's CAT claim is based on
the same evidence the agency found not
credible and Luo does not point to any
other evidence in the record to show it is
more likely than not he would be tortured
in China, his CAT claim fails. See id. at
1156–57.

**PETITION FOR REVIEW DENIED.**

* The panel unanimously concludes this case is
suitable for decision without oral argument.
See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.